IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**TAYLOR PHILO and SAID ISLAS, Each Individually and on Behalf of All Others Similarly Situated**     **PLAINTIFFS**

vs.     No. 5:22-cv-240

**DEGLER ENTERPRISE, LLC, HILLARY DEGLER and CHRISTOPHER DEGLER**     **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Taylor Philo and Said Islas (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through undersigned counsel, for their Original Complaint—Collective Action ("Complaint") against Defendants Degler Enterprise, LLC, Hillary Degler and Christopher Degler (collectively "Defendant" or "Defendants"), state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2.    Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA to Plaintiffs and all others similarly situated.

Page 1 of 11
Taylor Philo, et al. v. Degler Enterprise, LLC, et al.
U.S.D.C. (E.D. N.C.) No. 5:22-cv-240
Original Complaint—Collective Action

Case 5:22-cv-00240-BO-RJ    Document 1    Filed 06/15/22    Page 1 of 11

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of North Carolina has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts and omissions complained of herein were committed and had their principal effect against Plaintiffs within the Western Division of the Eastern District of North Carolina; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiff Taylor Philo ("Philo") is an individual and resident of Wake County.

6. Plaintiff Said Islas ("Islas") is an individual and resident of Surry County.

7. Separate Defendant Degler Enterprise, LLC ("Degler Enterprise"), is a domestic limited liability company.

8. Degler Enterprise's registered agent for service of process is Hillary Berkowitz at 168 Riverbirch Way, Clayton, North Carolina 27520.

9. Separate Defendant Hillary Degler ("Hillary Degler") is an individual and resident of North Carolina.

10. Hillary Degler is also known as Hillary Berkowitz.

11. Separate Defendant Christopher Degler ("Chris Degler") is an individual and resident of North Carolina.

## IV. FACTUAL ALLEGATIONS

12. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Hillary Degler is a principal, director, officer, and/or owner Degler Enterprise.

Page 2 of 11
Taylor Philo, et al. v. Degler Enterprise, LLC, et al.
U.S.D.C. (E.D. N.C.) No. 5:22-cv-240
Original Complaint—Collective Action

Case 5:22-cv-00240-BO-RJ   Document 1   Filed 06/15/22   Page 2 of 11

14. Hillary Degler, in her role as an operating employer of Degler Enterprise, had the power to hire and fire Plaintiffs, often exercised supervisory authority over Plaintiffs' work, including the day-to-day job duties that Plaintiffs' job entailed, determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

15. Hillary Degler took an active role in operating Degler Enterprise and in the management thereof.

16. Chris Degler is a principal, director, officer, and/or owner Degler Enterprise.

17. Chris Degler, in his role as an operating employer of Degler Enterprise, had the power to hire and fire Plaintiffs, often exercised supervisory authority over Plaintiffs' work, including the day-to-day job duties that Plaintiffs' job entailed, determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

18. Chris Degler took an active role in operating Degler Enterprise and in the management thereof.

19. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as cleaning equipment, cleaning supplies, vehicles and fuel.

20. At all times relevant hereto, Defendant was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203.

21. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

Page 3 of 11
Taylor Philo, et al. v. Degler Enterprise, LLC, et al.
U.S.D.C. (E.D. N.C.) No. 5:22-cv-240
Original Complaint—Collective Action

Case 5:22-cv-00240-BO-RJ    Document 1    Filed 06/15/22    Page 3 of 11

22. At all times material herein, Plaintiffs have been classified by Defendant as nonexempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and has been paid an hourly wage.

23. Defendant employed Philo from October of 2021 until February of 2022 as a Construction Worker.

24. Defendant employed Islas from January of 2021 until April of 2022 as a Construction Worker.

25. Defendant also employed other hourly-paid Construction Workers within the three years preceding the filing of this lawsuit.

26. At all relevant times herein, Defendant directly hired Plaintiffs and other Construction Workers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

27. Plaintiffs regularly worked over forty hours in a week.

28. Upon information and belief, other Construction Workers also regularly worked over forty hours in a week.

29. When Defendant paid Plaintiffs for hours worked over 40 in a week, Defendant paid Plaintiffs their regular rate for those hours. In other words, Defendant failed to pay Plaintiffs an overtime premium for hours worked over forty each week.

30. Upon information and belief, Defendant failed to pay other Construction Workers an overtime premium for hours worked over forty each week.

31. Plaintiffs and other Construction Workers kept track of their hours via paper timesheet, which they submitted to Defendant each pay period.

Page 4 of 11
Taylor Philo, et al. v. Degler Enterprise, LLC, et al.
U.S.D.C. (E.D. N.C.) No. 5:22-cv-240
Original Complaint—Collective Action

Case 5:22-cv-00240-BO-RJ     Document 1     Filed 06/15/22     Page 4 of 11

32. In some weeks, Defendant paid Plaintiffs for fewer hours than they submitted on their timesheet.

33. Upon information and belief, other Construction Workers also worked hours which they recorded and submitted, but for which they were not paid.

34. Defendant knew or should have known that Plaintiffs and other Construction Workers worked hours over 40 in some weeks.

35. At all relevant times herein, Defendant has deprived Plaintiffs and other Construction Workers of sufficient overtime compensation for all hours worked.

36. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

37. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

38. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Overtime premiums for all hours worked over forty each week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

39. Plaintiffs propose the following collective under the FLSA:

**All Construction Workers who worked over 40 hours in any week within the past three years.**

Page 5 of 11
Taylor Philo, et al. v. Degler Enterprise, LLC, et al.
U.S.D.C. (E.D. N.C.) No. 5:22-cv-240
Original Complaint—Collective Action

Case 5:22-cv-00240-BO-RJ    Document 1    Filed 06/15/22    Page 5 of 11

40. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

41. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

42. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They were paid hourly;

    B. They worked hours over forty in at least one week within the three years preceding the filing of this lawsuit; and

    C. They were subject to Defendant's common policy of failing to pay an overtime premium for hours worked over forty each week.

43. Plaintiffs are unable to state the exact number of the collective but believes that the collective exceeds 25 persons.

44. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

45. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

46. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

Page 6 of 11
Taylor Philo, et al. v. Degler Enterprise, LLC, et al.
U.S.D.C. (E.D. N.C.) No. 5:22-cv-240
Original Complaint—Collective Action

Case 5:22-cv-00240-BO-RJ     Document 1     Filed 06/15/22     Page 6 of 11

## VI. FIRST CLAIM FOR RELIEF
**(Individual Claims for Violation of the FLSA)**

47. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

48. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

49. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

51. Defendant classified Plaintiffs as nonexempt from the overtime requirements of the FLSA.

52. Defendant failed to pay Plaintiffs a sufficient overtime premium for all hours worked over forty each week.

53. Defendant failed to pay Plaintiffs for all hours worked.

54. Defendant knew or should have known that its actions violated the FLSA.

55. Defendant's conduct and practices, as described above, were willful.

56. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

Page 7 of 11
Taylor Philo, et al. v. Degler Enterprise, LLC, et al.
U.S.D.C. (E.D. N.C.) No. 5:22-cv-240
Original Complaint—Collective Action

Case 5:22-cv-00240-BO-RJ   Document 1   Filed 06/15/22   Page 7 of 11

57. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

58. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

59. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

60. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

61. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

63. Defendant classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

Page 8 of 11
Taylor Philo, et al. v. Degler Enterprise, LLC, et al.
U.S.D.C. (E.D. N.C.) No. 5:22-cv-240
Original Complaint—Collective Action

Case 5:22-cv-00240-BO-RJ   Document 1   Filed 06/15/22   Page 8 of 11

64. Defendant failed to pay Plaintiffs and similarly situated employees a sufficient overtime premium for all hours worked over forty each week.

65. Defendant failed to pay Plaintiffs and similarly situated employees for all hours worked.

66. Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

67. Defendant knew or should have known that its actions violated the FLSA.

68. Defendant's conduct and practices, as described above, were willful.

69. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

70. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

71. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

Page 9 of 11
Taylor Philo, et al. v. Degler Enterprise, LLC, et al.
U.S.D.C. (E.D. N.C.) No. 5:22-cv-240
Original Complaint—Collective Action

Case 5:22-cv-00240-BO-RJ      Document 1      Filed 06/15/22      Page 9 of 11

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Taylor Philo and Said Islas, individually and on behalf of all others similarly situated, respectfully pray that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

  A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

  B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

  C. Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

  D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its related regulations;

  E. An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

  F. Such other and further relief as this Court may deem just and proper.

**Page 10 of 11**
**Taylor Philo, et al. v. Degler Enterprise, LLC, et al.**
**U.S.D.C. (E.D. N.C.) No. 5:22-cv-240**
**Original Complaint—Collective Action**

Case 5:22-cv-00240-BO-RJ  Document 1  Filed 06/15/22  Page 10 of 11

Respectfully submitted,

**TAYLOR PHILO and JACOB HALL, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

RICCI LAW FIRM, P.A.
2221 Stantonsburg Road
Greenville, North Carolina 27834
Telephone: (252) 752-7785
Facsimile: (252) 752-1016

*/s/Kristin G. Oakley*
Kristin Oakley
N.C. Bar No.
kgoakley@riccilawnc.com

*Local Counsel for Plaintiff*

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Courtney Harness*
Courtney Harness
Mo. Bar No. 56923
harness@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

*Lead Counsel for Plaintiff*
*PHV Motions Pending*

**Page 11 of 11**
**Taylor Philo, et al. v. Degler Enterprise, LLC, et al.**
**U.S.D.C. (E.D. N.C.) No. 5:22-cv-240**
**Original Complaint—Collective Action**

Case 5:22-cv-00240-BO-RJ    Document 1    Filed 06/15/22    Page 11 of 11