IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Case No.: 5:22-cv-00240-BO-RJ

| | |
|---|---|
| TAYLOR PHILO and SAID ISLAS, Each individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> DEGLER ENTERPRISE, LLC; HILLARY DEGLER; and CHRISTOPHER DEGLER, <br><br> Defendants. | **MEMORANDUM IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT AGREEMENTS** |

NOW COME Plaintiffs Taylor Philo and Said Islas, ("Named Plaintiffs"), on their own behalf and on behalf of all individuals who have filed consents to join the case (collectively the "Plaintiffs"), by and through their counsel, and Defendants Degler Enterprise, LLC, Hillary Degler, and Christopher Degler ("Defendants"), by and through their counsel, and file this Memorandum in Support of Joint Motion to Approve Settlement Agreements.

**I. INTRODUCTION**

The Plaintiffs and Defendants jointly and respectfully seek this Court's final approval of their negotiated settlement reached in relation to Plaintiffs' Fair Labor Standards Act ("FLSA") claims. The parties attached the executed Settlement Agreement and Release ("Settlement Agreement") as Exhibit A to the Joint Motion to Approve Settlement filed contemporaneously with this memorandum. The Settlement Agreement between the parties is the product of arms-length negotiations by experienced counsel. It will provide substantial relief to Plaintiffs, and will eliminate the risks both Plaintiffs and Defendants would bear if the matter proceeded to further

litigation and adjudication on the merits. The Settlement Agreement is fair and reasonable, and it should be approved.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiffs' Complaint

Christopher Degler and Hillary Degler own and operate Degler Enterprises, LLC. (Compl. ¶¶ 13-17). Defendants employed Plaintiffs as hourly-paid construction workers at all relevant times. (Compl. ¶ 26).

On June 15, 2022, Named Plaintiffs filed a Complaint against Defendants alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* ("FLSA"), on behalf of themselves and all other allegedly similarly situated individuals and sought to represent such individuals in a collective action pursuant to 29 U.S.C. § 216(b). [DE 1]. Plaintiffs contend they are owed wages in that Defendants allegedly violated the FLSA by:

- Failing to pay Plaintiffs for sufficient overtime premium for all hours worked over forty each week between June 15, 2019 to June 15, 2022; and

- Failing to pay Plaintiffs for all hours worked between June 15, 2019 to June 15, 2022.

(Compl. ¶¶ 48-58).

On October 7, 2022, Plaintiffs filed their Unopposed Motion for Conditional Certification, For Approval and Distribution of Notice and For Disclosure of Contact Information [D.E. #17], and Brief in Support of said Motion [D.E. #18]. On December 29, 2022, the Court entered an Order granting Plaintiffs' Unopposed Motion for Conditional Certification, For Approval and Distribution of Notice and For Disclosure of Contact Information, which made March 6, 2023, the deadline for collective members to submit Consents to Join this lawsuit as opt-in plaintiffs. [D.E. #24].

Defendants timely provided Plaintiffs' counsel with contact information for putative collective action members, and Court-approved Notice was sent to potential class members. Thirteen individuals thereafter filed Consents to Join this lawsuit.[1] [D.E. ## 25-27, 30-32, and 36-37].

In an effort to preserve time, expenses, and judicial resources, the Parties submitted their Joint Motion Requesting to Participate in a Court-hosted Settlement Conference and a Stay of Litigation to Permit the Parties to Participate in a Court-hosted Settlement Conference prior to engaging in formal discovery and protracted litigation, which the Court granted on May 20, 2023. [D.E. #40, Docket Text Order on May 22, 2023]. On May 23, 2023, the Court set the court-hosted settlement conference for Monday, June 26, 2023. [D.E. #41].

In anticipation of the court-hosted settlement conference, Defendants produced time records, pay records, and a spreadsheet with damage calculations for all Plaintiffs, from June 15, 2019 through June 15, 2022.

The parties conducted substantial investigation into the facts and law relevant to the claims and defenses asserted. The documents and other information exchanged were relevant to the claims and defenses asserted and the production of these documents and other information facilitated meaningful and productive settlement discussions. Plaintiffs' counsel has analyzed and evaluated the merits of the claims made against the Defendants in the Lawsuit and the impact of this Settlement Agreement on Plaintiffs.

**B.      The Parties Enter Into Fair and Reasonable Settlement Agreements**

The parties initiated discussions about a potential settlement of the claims raised in the lawsuit following Defendants' production of time records, pay records, and a spreadsheet with

---

[1] Defendants' counsel agreed to the late-filing of James F. Lowery's and Vincent Thomas' Consent to Join Lawsuit.

damage calculations for all Plaintiffs between June 15, 2019 through June 15, 2022. During the course of the extensive negotiations, counsel for the parties analyzed and discussed their respective legal claims and defenses. Substantial negotiations culminated in the parties reaching a final agreement. The Settlement Agreement and Release (hereinafter "the Settlement Agreement"), which was submitted as <u>Exhibit A</u> to the Joint Motion to Approve Settlement, sets forth in detail the terms of settlements agreed upon by the respective parties.

The Settlement Agreement provides that Defendants will pay Plaintiffs Twenty-Five Thousand Two-Hundred Sixty-Five Dollars and Ninety Cents ($25,265.90) in back wages and liquidated damages which Plaintiffs acknowledge will provide them full compensation for all hours worked for Defendants. A breakdown for each Plaintiff is provided as an attachment to the Settlement Agreement. The Settlement Agreement further provides that Defendants will pay Seventeen-Thousand Nine Hundred Eighty-Four Dollars and Ten Cents ($17,984.10) for attorney fees and costs.

If the Settlement Agreement is approved, there will be no remaining wage and hour matters in dispute between Plaintiffs and Defendants; and this case should be dismissed with prejudice as to Plaintiffs' claims. The Plaintiffs and Defendants jointly and respectfully seek this Court's approval of their negotiated settlement agreements and dismissal of this case with prejudice.

### III. ARGUMENT

Courts have generally held that settlements of FLSA actions such as this one require court approval. *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) ("[T]here is a judicial prohibition against the unsupervised waiver or settlement of [FLSA] claims."), *superseded on other grounds by regulation*, 73 Fed. Reg. 67987 (Nov. 17, 2008), *as recognized in Whiting v. Johns Hopkins Hosp.*, 416 Fed. App'x. 312 (4th Cir. 2011); *Browne v. The Pantry, Inc.*, No. 1:11-

cv-587, 2011 WL 5119263, at *2 (M.D.N.C. Oct. 28, 2011) (noting that FLSA cases "cannot be settled without a court finding that the settlement is fair and reasonable"; citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

Under a private FLSA enforcement action, district courts may approve settlements where, as here, the settlement proposed by the parties constitutes a reasonable compromise of the parties' *bona fide* dispute. *Lynn's Food Stores,* 679 F.2d at 1353. The present settlement was the product of arm's length negotiations by experienced counsel and has the salutary effect of: (1) providing meaningful monetary relief to Plaintiffs, and (2) eliminating inherent risks both Plaintiffs and Defendants would bear if this litigation continued to resolution on the merits. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores*, 679 F.2d at 1354 (recognizing courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness).

### A. A *Bona Fide* Dispute Existed Between the Parties

*Bona fide* disputes existed between the Plaintiffs and Defendants with regard to liability and damages. Plaintiffs allege that they were paid hourly and worked hours over forty hours in at least one week within the three years preceding the filing of this lawsuit, i.e. June 15, 2019 through June 15, 2022, and that Defendants failed to pay an overtime premium for hours worked over forty each week. Plaintiffs further argue that they are entitled to liquidated damages because the Defendants did not act in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA. Defendants deny that they did not pay Plaintiffs for hours worked and deny Plaintiffs are entitled to liquidated damages. The Company acknowledges that it did not pay time and a half. Nevertheless, a *bona fide* disputes existed between the parties regarding the extent of Company's liability.

### B. The Settlement Is Fair And Reasonable

The settlements reached are a fair and reasonable compromise of the parties' *bona fide* disputes. Courts consider an FLSA settlement fair and reasonable when the parties are represented by counsel, the attorneys engage in arm's length negotiations in the context of litigation, and the parties reasonably compromise in the settlement. *Lynn Food Stores, Ind.*, 679 F.2d at 1354. As with all other cases, public policy favors the voluntary settlement of FLSA and wage and hour cases. *Id.* (stating "we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation"); *Matthews v. Cloud 10 Corp.,* No. 3:14-cv-00646-FDW-DSC, 2015 U.S. Dist. LEXIS 114586, *6 (W.D.N.C. August 27, 2015) (explaining "there is a strong judicial policy in favor of settlements" in FLSA cases); *In re Dollar Gen. Stores FLSA Litig.*, No. 5:09-MD-15, 2011 U.S. Dist. LEXIS 98162, at *9 (E.D.N.C. Aug. 22, 2011) (internal citations omitted) (stating "[t]here is a presumption in favor of approving a settlement as fair").

The settlement here easily meets this standard. Experienced wage and hour litigators represented the parties in this action and engaged in substantial negotiations. No evidence exists to suggest that the settlements reached in this action involved fraud or collusion between the parties. To the contrary, experienced counsel for the parties negotiated at arms-length extensively.

In assessing the amount paid in settlement, the Court should take into account the risks and costs of litigation. *Parker v. Anderson*, 667 F.2d 1204, 1210 n.6 (5th Cir. 1982) (citations omitted); *accord Quintanilla v. A&R Demolition Inc.*, No. H-04-1965, 2007 WL 5166849, at *5 (S.D. Tex. May 7, 2007). Endorsement of the settlement by counsel for both parties is a "factor [that] weighs in favor of approval." *Quintanilla*, 2007 WL 5166849, at *5. When reviewing counsel's opinions "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Id.*

By entering into the settlement, the Plaintiffs and Defendants conserved substantial time and expense that would have been required had the case been further litigated and/or gone to trial. Plaintiffs' FLSA claims against Defendants raise complex legal issues related to both liability *and* damages which would have required significant additional work by both parties to take the case through a judgment. The parties would have undergone substantial time and expense in further discovery. Upon completion of discovery, the parties would have faced the prospect of preparing dispositive motions, a trial on the merits, and potential appeals.

By settling, Plaintiffs will receive full compensation for all hours that they worked for the Company, thereby avoiding the uncertainties associated with further litigation. Given the time and expense that would have been involved in further litigation, and considering the value of the Plaintiffs' individual claims, the settlement is a reasonable outcome for both parties.

Under the terms of the Settlement Agreement, each Plaintiff is receiving 100% of their alleged lost wage damages as calculated by counsel for the parties, plus an additional 17% in settlement of potential liquidated damages. This is a reasonable compromise for several reasons. First, one component of the damages model agreed by counsel for the parties was gap time, both for weeks in which overtime hours were worked and for weeks in which no overtime hours were worked. Should this case have gone to trial, Defendants would have a substantial chance of eliminating these hours from consideration, especially with respect to gap time for weeks in which there was no overtime. Second, liquidated damages were not assured- Defendants were prepared to bring evidence that they attempted in good faith to follow the requirements of the FLSA.

### C. The Attorneys' Fees and Costs Are Reasonable

The FLSA mandates that a court award reasonable attorneys' fees and costs to a prevailing plaintiff. 29 U.S.C. §216(b)). To the extent the Court wishes to determine the reasonableness of the agreed attorneys' fees and costs, Plaintiffs' counsel aver that they are reasonable.

To date, Plaintiffs' counsel have billed 63.4 hours to this matter, taking it from preliminary fact investigation and Complaint drafting to a Court-approved Notice period and communications with members of the collective, through informal discovery, damages calculations, and settlement negotiations. Plaintiffs' counsel have also incurred $702.40 in attorneys' fees and costs, consisting of a $402 filing fee, a $129 service fee, and $171.40 for postage fees and search reports for putative collective members in the Notice period. After accounting for incurred costs, Plaintiffs' counsel's blended hourly rate from the agreed attorneys' fees payment will be $272.58. Plaintiffs' counsel will submit any further billing information as requested by the Court. The Sanford Law Firm has extensive experience in litigating FLSA collective action settlements, having filed and prosecuted over 1,100 distinct wage lawsuits since January of 2015, and securing more than $13,000,000.00 in settlements and judgments. Finally, the settlement secured by Plaintiffs' counsel affords Plaintiffs a favorable settlement which would have been difficult to surpass at trial. For the above reasons, the fees and costs component of the settlement agreement is reasonable.

### CONCLUSION

The parties entered into fair and reasonable Settlement Agreements that resolve *bona fide* disputes under the FLSA. Accordingly, the parties request that the Court enter an order granting the Joint Motion to Approve Settlement Agreements and dismissing Plaintiffs' claims with prejudice.

Respectfully submitted, this 1st of September, 2023.

| COUNSEL FOR PLAINTIFFS | COUNSEL FOR DEFENDANTS |
|---|---|
| /s/ Sean Short | /s/ Vanessa N. Garrido |

| | |
|---|---|
| Sean Short | Kevin S. Joyner |
| Arkansas Bar No. 2015079 | N.C. State Bar No. 25605 |
| Sanford Law Firm, PLLC | Paul S. Holscher |
| 10800 Financial Centre Pkwy, Suite 510 | N.C. State Bar No. 33991 |
| Little Rock, Arkansas 72211 | Vanessa N. Garrido |
| Phone: 888-615-4946 | N.C. State Bar No. 53470 |
| Facsimile: 888-787-2040 | **OGLETREE, DEAKINS, NASH,** |
| Email: josh@sanfordlawfirm.com | **SMOAK & STEWART, P.C.** |
| *Counsel by Special Appearance* | 8529 Six Forks Road, Forum IV, Suite 600 |
| | Raleigh, NC 27615 |
| Kristin G. Oakley | Phone: 919-787-9700 |
| Ricci Law Firm, PA | Facsimile: 919-783-9412 |
| P.O. Box 483 | Email: Paul.Holscher@ogletree.com |
| Greenville, NC 27834 | Email: Kevin.Joyner@ogletree.com |
| Phone: 252-752-7785 | Email: Vanessa.Garrido@ogletree.com |
| Facsimile: 252-752-1016 | |
| Email: kgoakley@riccilawnc.com | *Attorneys for Defendants* |
| *Local Civil Rule 83.1(d) Counsel for Plaintiffs* | |