# SETTLEMENT AGREEMENT
# AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into between Jacob Hall ("Hall"), an opt-in Plaintiff who filed a consent to join the case filed by Plaintiffs Taylor Philo and Said Islas ("Named Plaintiffs"), on their own behalf and on behalf of all individuals who have filed consents to join the case captioned *Taylor Philo and Said Islas, each individually and on behalf of all others similarly situated*, Case No. 5:22-cv-00240, filed in the United States District Court for the Eastern District of North Carolina (collectively the "Plaintiffs"), and Defendants Degler Enterprise, LLC, Hillary Degler, and Christopher Degler ("Defendants"). Hall and Defendants are collectively referred to as the "Parties."

**WHEREAS**, Named Plaintiffs filed a Collective Action Complaint on June 15, 2022 against Defendants alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of themselves and all other allegedly similarly situated individuals, and sought to represent such individuals in a collective action pursuant to 29 U.S.C. § 216(b);

**WHEREAS**, on October 7, 2022, Named Plaintiffs filed their Unopposed Motion for Conditional Certification and Court-Supervised Notice Under 29 U.S.C. § 216(b), which the Court granted on December 29, 2022;

**WHEREAS**, fourteen individuals, including Hall, timely filed consents to join the Lawsuit;

**WHEREAS**, the Parties and their counsel investigated the facts and law relevant to the claims asserted. The Parties and their counsel represent that the documents and other information exchanged to date were relevant to the claims asserted and that the production of these documents and other information facilitated meaningful and productive settlement discussions;

**WHEREAS,** Defendants deny that Plaintiffs, including Hall are entitled to recover all sums sought in this action by Plaintiffs;

**WHEREAS,** the Parties desire to mitigate and/or avoid further expense, time, effort, and uncertainty in regard to the Lawsuit;

**WHEREAS**, after balancing the benefits of settlement with the costs, risks, and delay of continued litigation, Plaintiffs, Hall, and their counsel believe the Agreement is in Plaintiffs' best interest and represents a fair, reasonable, and adequate resolution of the Lawsuit;

**WHEREAS**, the Parties desire to fully and finally to resolve this matter and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Hall against Defendants relating to the payment of wages and compensation occurring at any time prior to and including the date on which this Agreement is executed;

**NOW, THEREFORE,** in consideration of the promises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties hereto, intending to be

1

Case 5:22-cv-00240-BO-RJ   Document 55-1   Filed 10/25/23   Page 1 of 6

Doc ID: 42407851e2f9774e8417381134bf152d377545b3

legally bound hereby, agree to the following terms and conditions as full and complete settlement of the Lawsuit regarding Plaintiffs' claims:

1. **<u>Settlement Procedure</u>.** Within three (3) days of complete execution of this Agreement, the Parties will submit to the Court a Joint Motion to Open the Case for the Limited Purpose of Approval of this Agreement, which shall be drafted by Defendants' counsel and mutually agreed upon by the Parties in good faith.[1]

2. **<u>Court Approval and Dismissal of Lawsuit</u>.** The Parties agree that this Agreement is contingent on the Court's approval of this Agreement and dismissal of the Lawsuit with prejudice as to Hall's claims. If the Court does not approve this Agreement and dismiss the Lawsuit with prejudice as to Hall's claims, this Agreement will not be effective, and Defendants will have no obligations under it.

3. **<u>Consideration from Defendant</u>.** As consideration and in exchange for the execution of this Agreement, and the mutual promises and understandings contained herein, the Parties agree that:

    (a) <u>Individual Payments:</u> Defendants shall pay the total sum of One Thousand Nine-Hundred and Thirty Dollars and Twenty-three Cents ($1,930.23) to Hall for alleged unpaid compensation and liquidated damages. Insofar as Defendants require Hall to submit an executed Form W-4 or W-9 in order to process payment, Hall agrees to cooperate in providing such materials to Defendants. The individual payments shall be paid via check. These payments shall be delivered to the Sanford Law Firm at 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas, 72211 within thirty (30) days of approval of this Agreement by the Court.

Hall agrees that the consideration described in this paragraph is good, valuable, and sufficient consideration. Hall agrees that the payments to be made by Defendants under this Agreement constitute full compensation for all hours and overtime hours that he worked for Defendants, plus any liquidated damages, attorneys' fees, or other costs or damages to which they may claim to be entitled under the FLSA, including any claim for compensation that they made or could have made in the Lawsuit. Hall acknowledges that he has been paid in full for all work performed on behalf of Defendants, and that Defendants owe him no additional money or compensation of any kind relating to the payment of work performed, notwithstanding any amounts to be paid to any Plaintiffs who are current employees of Defendants consistent with Defendants' ordinary payroll scheduling practices. None of the payments described in this Agreement shall be subject to matching contributions or included as benefits eligible earnings under any benefit plan or policy applicable to Hall. Finally, Hall agrees that he is not entitled to

---

[1] On September 1, 2023, the Parties filed a Joint Motion to Approve Settlement Agreement and a Memorandum in Support of Joint Motion to Approve Settlement Agreements. On September 26, 2023, Plaintiffs filed a Notice Regarding Settlement, which stated that Jacob Hall filed a timely Consent to Join the Lawsuit but was inadvertently omitted from the Joint Motion to Approve Settlement Agreement filed on September 26, 2023. On September 29, 2023, the United States District Court for the Eastern District of North Carolina entered an Order approving the Joint Motion to Approve Settlement Agreement filed on September 26, 2023. The Parties agree that Jacob Hall, an opt-in Plaintiff, should have been included in the Joint Motion to Approve Settlement Agreement filed on September 26, 2023. Thus, the Parties now move the Court for entry of an Order approving this Agreement, which includes Jacob Hall.

any other compensation (including, but not limited to, compensation, wages, accrued vacation time, or expenses reimbursements), leave (paid or unpaid), or benefits of any kind or description from Defendants as a result of this Agreement. Hall further acknowledges that the settlement payments exceed that to which they would be entitled under Defendants' policies, procedures, and practices.

4. **Waiver and Release of Claims.** Hall, on behalf of himself, his descendants, dependents, heirs, executors, administrators, assigns, and successors, fully, finally, and forever release and discharge Defendants and their divisions, departments, affiliates, attorneys, agents, employees, assigns, and insurers (all of which are included in the definition and meaning of "Defendants") from any and all claims and rights relating to the payment of wages and compensation that Hall may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, the FLSA, the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et seq.*, and any other claims for unpaid compensation, interest on such claims, liquidated damages, and attorneys' fees or costs related to such claims (notwithstanding those accrued in the Lawsuit that shall be subject to the Court's determination, as set forth above). This Release does not apply to claims which may arise after the date of Hall's acceptance of this Agreement.

5. **Non-Admission.** The Parties understand and acknowledge that the payments made pursuant to this Agreement are not to be construed as an admission of liability on the part of Defendants, and that Defendants have denied and continue to deny liability for all sums sought in this action by Plaintiffs and Hall.

6. **Indemnification.** Plaintiffs agree that, except for the amounts withheld, Hall shall be responsible for paying any taxes, interest, penalties, or other amounts due on the payments made pursuant to this Agreement and shall indemnify Defendants for, and hold it harmless from, any taxes, interest, penalties, or other amounts which Defendants become required to pay or expend as a result of not having withheld taxes or other amounts from such payments.

7. **Choice of Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina.

8. **Severability.** Should any provision of this Agreement be held to be illegal, void or unenforceable, such provision shall be of no force and effect. However, the illegality or unenforceability of any such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

9. **Counterparts.** This Agreement may be executed electronically and in counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

10. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties and their respective representatives, predecessors, heirs, successors, and assigns.

11. **Entire Agreement.** This Agreement contains the complete understanding between the Parties, and no other promises or agreements shall be binding unless signed by the Parties. In signing this Agreement, the Parties are not relying on any fact, statement, or assumption not set forth in this Agreement.

**12. Conditions Precedent.** Hall understands and agrees that the payment of the consideration by Defendants, set out above, is expressly contingent upon the Court's approval of this Agreement and dismissal of the Lawsuit with prejudice as to Hall's claims. If this condition fails, Defendants may declare this Agreement null and void, any funds provided hereunder shall be returned, and the Parties shall proceed in all respects as if this Agreement had not been executed.

**13. Drafting.** Each of the Parties hereto has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any party as drafter of this Agreement.

**14. Incorporation of Exhibits.** All exhibits attached to this Agreement are hereby incorporated by reference as though set forth fully herein and are a material part of this Agreement.

**15. Acknowledgment.** Other than as stated herein, the Parties acknowledge that no promise or inducement has been offered for this Agreement and that this Agreement is executed without reliance on any statement of the parties or their representatives. This Agreement is executed voluntarily and without any duress or undue influence on the part of or on behalf of any of the Parties. The Parties acknowledge that: (a) they have read this Agreement; (b) they understand the terms and consequences of this Agreement and the release it contains; and (c) they are fully aware of the legal and binding effect of this Agreement. Plaintiffs acknowledge that they were given a reasonable amount of time to review and consider this Agreement prior to executing it and that they were advised to consult and did consult with their attorney prior to executing this Agreement.

**16. Notice.** All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally or mailed postage pre-paid by first class mail to the following persons at their addresses set forth as follows:

Plaintiffs' Counsel:

Sean Short
Arkansas Bar No. 2015079
Sanford Law Firm, PLLC
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
*Counsel by Special Appearance*

Kristin G. Oakley
Ricci Law Firm, PA
P.O. Box 483
Greenville, NC 27834
*Local Civil Rule 83.1(d) Counsel for Plaintiffs*

Defendants' Counsel:

Kevin S. Joyner
Vanessa N. Garrido

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8529 Six Forks Road, Suite 600
Raleigh, NC 27615

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed this Agreement as of the date(s) stated below.

**Opt-in Plaintiff Jacob Hall**

_____  Date: 10 / 19 / 2023
Jacob Hall

**Defendant Degler Enterprise, LLC**

By:_____  Date: _____

ITS:_____

**Defendant Hillary Degler**

_____  Date: _____
Hillary Degler

**Defendant Christopher Degler**

_____  Date: _____
Christopher Degler

Doc ID: 42407851e2f9774e8417381134bf152d377545b3

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8529 Six Forks Road, Suite 600
Raleigh, NC 27615

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed this Agreement as of the date(s) stated below.

**Opt-in Plaintiff Jacob Hall**

_____  Date: 10 / 19 / 2023
Jacob Hall

**Defendant Degler Enterprise, LLC**

By: _____  Date: 10-24-23
ITS: _Hillary Degler_____

**Defendant Hillary Degler**

_____  Date: 10-24-23
Hillary Degler

**Defendant Christopher Degler**

_____  Date: 10-24-23
Christopher Degler